**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: DELTA STARR BROADCASTING, L.L.C. | CIVIL ACTION |
| | NO. 09-7127 |
| | SECTION "R" (3) |

**REPORT AND RECOMMENDATION**

On this date, Orrill, Cordell & Beary, L.L.C.'s Motion for Damages and Costs for Frivolous Appeal [Doc. #14] came on for oral hearing before the undersigned. Present were Jeffrey Oakes on behalf of Orrill, Cordell & Beary, L.L.C. ("OCB") and Claude Lightfoot on behalf of Vincent Bruno and John Treen (collectively, "appellants"). After the oral hearing, the Court took the motion under advisement. After review of the parties' memoranda, the case law and the oral argument, the Court rules as follows.

**I.      Background**

This case has now come before the Court on appeal three times. Michael Starr, Bruno and Treen co-owned Delta Starr Broadcasting, L.L.C. ("Delta Starr"), which also owned a 98 per cent share in La Terr Broadcasting Corporation ("La Terr"). In March 2005, Bruno filed a Chapter 11

bankruptcy petition on behalf of Delta Starr. Starr filed a motion to dismiss, which the bankruptcy court granted on the ground that Bruno had no authority to file the petition, and no formal meeting of Delta Starr's members had been held to authorize the filing of the petition. The district court reversed, finding that Treen's earlier sale of his interest in Delta Starr did not transfer his membership and voting rights. Thus, Bruno and Treen together (as two of Delta Starr's three members) had the authority to file the petition.

Starr then filed a voluntary petition placing La Terr into Chapter 7 bankruptcy and moved to convert the Delta Starr Chapter 11 proceeding into a Chapter 7 proceeding. Bruno moved to dismiss the petition and opposed the motion to convert. The bankruptcy court denied the motion to dismiss and granted the motion to convert. Bruno appealed.

The district court affirmed both rulings. The district court found that Starr was still the president and a director of La Terr and that he had properly convened a meeting of La Terr's shareholders to authorize the filing of the Chapter 7 petition. With regard to the conversion order, the district court held that Starr was a proper party in interest and that the conversion was proper because the factions were "hopelessly deadlocked" and could not possibly get a plan confirmed.

Both bankruptcies were then administered and all assets liquidated. OCB then withdrew from its representation of Starr and asserted a state law right as a secured creditor of Starr. Bruno and Treen then filed a motion to dismiss the La Terr case and a motion for reconsideration of the conversion order. The motions raised issues and arguments identical to those in the motions filed two years earlier. Bruno and Treen argued that they had "new evidence" in the form of a state-court consent judgment. That judgment purported to hold that Starr had divested himself of his interest in Delta Starr in early 2005. Thus, Starr would have had no authority to file La Terr's Chapter 7

petition or to move to convert Delta Starr's Chapter 11 proceeding into a Chapter 7 proceeding. The bankruptcy judge denied both motions, and the district court affirmed.

## II.     The Parties' Contentions

### A.     OCB's Motion

OCB argues that appellants based their entire appeal on the state-court consent judgment, and OCB cites several lengthy quotes from their appeal brief. OCB summarizes appellants' argument on appeal as follows: "[E]ven though they raised in 2009 issues that were decided against them in 2006, the fact that after years of litigation they were successful in coercing Starr, both ill and impoverished, into signing a consent judgment disavowing his interest in the debtors is sufficient to allow them to obtain the relief that they were unable to obtain years earlier." [Doc. #14-1 at p. 6].

OCB argues that the consent judgment is no more than an attempt to collaterally attack the bankruptcy court's orders. OCB contends that the consent judgment does not supercede or overrule the 2005 state-court judgment as that judgment was not vacated or overruled, and a different judge signed the later consent judgment. The bankruptcy court ruled that the parties had entered the consent judgment too late to deprive it of jurisdiction.

OCB also asserts that appellants are incorrect when they argue that the assets of Delta Starr have not been fully disbursed and there remain significant funds in the estate. Delta Starr has no assets. OCB contends that because neither Bruno nor Treen filed a proof of claim in either bankruptcy, they have no financial stake in the suit.

OCB contends that appellants have no legal basis for their claims, no factual basis to support their claims, and it appears that the only possible result from the appeal is the further depletion of

3

the few assets that remain in the La Terr estate.

OCB submits a list of the hours expended on appeal: 47.25 hours at $200.00/hour. OCB thus seeks $9,450.00.

> **B.     Appellants's Opposition**

Appellants contend that their legal arguments on appeal were well-supported by the law and never directly rebutted by appellees. Appellants note that relief is available from a judgment under Federal Rule of Civil Procedure 60(b)(5) and that without jurisdiction, the bankruptcy case should have been dismissed. These arguments, they contend, were not "wholly without merit."

Appellants contend that OCB bases its entire motion on the "defamatory" and "sanctionable" allegation that they coerced Starr into the consent judgment, an allegation that is untrue. [Doc. #15 at p.1]. Appellants also note that although they initially argued that the Delta Starr estate had assets, they recanted in a reply brief after they received a letter from counsel.

Appellants also argue that OCB has failed to prove its costs and fees. Appellants note that OCB provides no evidence of the rates typically charged in the community through affidavits of attorneys. Appellants also note that OCB has failed to prove that the hours were reasonably expended and to submit a contemporaneous time report as required by the local rules. Appellants note that OCB has attached only an unsworn itemization of alleged time spent.

Lastly, appellants contend that OCB seeks fees for 48 hours, many of which were devoted to researching and filing of appeal motions. OCB filed only one motion during the appeal – this one. OCB also claims to have spent 24 hours on a 15-page appeal brief, which time is allegedly unreasonable.

> **C.     OCB's Reply**

OCB replies that its claim for costs is not based on the consent judgment or the way that it was obtained. OCB argues that its claim is for frivolous appeal because (1) appellant's position on appeal was based on a consent judgment, and a consent judgment is not evidence; (2) the consent judgment is not binding on third parties; (3) Rule 60(b)(5) is inapplicable because the consent judgment did not overrule or vacate the prior state-court judgment; and (4) the relief sought is unavailable. The alleged reason for the appeal is to delay and to frustrate the implementation of the bankruptcy court's ruling and to further deplete the remaining funds of the La Terr estate. OCB notes that in an earlier suit, District Judge Berrigan granted sanctions against Bruno for his harassing litigation against Starr.

OCB contends that appellants' assertion that they recanted their argument that funds were left in the Delta Starr estate after receipt of a letter from counsel is incorrect. OCB represents that it twice informed appellants – in August and September 2009 – that there were no assets in the Delta Starr estate and that La Terr had few assets.

OCB admits that some of its time entries represent time expended on motions never filed. OCB spent time preparing a Rule 11 motion and a motion to dismiss the appeals as interlocutory. In the end, however, it never filed the motions because after researching the law, it thought they had little merit.

### D. Bruno's Sur-Reply

Bruno alleges that he had a conversation with Starr on March 15, 2010. During the conversation, Starr allegedly stated that OCB lied in its pleading when it alleged that Starr was coerced into signing the consent judgment.

### E. Treen's Sur-Reply

5

Treen asks the Court to recognize that he was not a party to the earlier suit in which District Judge Berrigan awarded sanctions against Bruno for harassing litigation tactics.

**III. Analysis**

Federal Rule of Bankruptcy Procedure 8020 provides:

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

The standard to determine whether an appeal is frivolous under Rule 8020 is the same standard applied under Federal Rule of Appellate Procedure 38. *See* Notes of Advisory Committee on Rules (1997).

Rule 38 of the Federal Rules of Appellate Procedure provides for a sanction for frivolous appeal:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. App. P. 38. Sanctions are thus appropriate when a frivolous appeal is brought pursuant to Rule 38. These sanctions may include single or double costs as well as reasonable attorney's fees. *Wright v. Comm'r*, 752 F.2d 1059, 1062 (5th Cir.1985); *Knoblauch v. Comm'r*, 749 F.2d 200, 202 (5th Cir. 1984); *Hagerty v. Succession of Clement*, 749 F.2d 217 (5th Cir.1984) (and cases cited therein). Even greater sanctions may be imposed under appropriate circumstances. *Granzow v. Comm'r*, 739 F.2d 265, 270 (7th Cir. 1984). Frivolous appeals unjustly burden the resources of the court and the government. The devotion of limited resources and time to meritless cases causes deserving litigants to wait. In addition, the opposing party is delayed in receiving the just benefits

6

of the trial court's judgment until the appeal is concluded. Justice delayed is justice denied. Sanctions are imposed to deter such appeals.

The Fifth Circuit has cautioned against an award of costs for a frivolous appeal:

We do not lightly impose sanctions for invoking the right of appeal. Many such reviews that are eventually determined to be without merit are commenced in good faith with a reasonable belief that they are currently supported by existing law, or justify an extension, modification or reversal of the current law. In contrast, we only impose sanctions when a meritless appeal is frivolous - when the claim advanced is unreasonable, or it is not brought with a reasonable good faith belief that it is justified.

*Stelly v. C.I.R.*, 761 F.2d 1113, 1116 (5th Cir. 1985) (internal citations omitted).

An appeal is "frivolous" so as to warrant an award of sanctions when the result is obvious or when appellant's argument is wholly without merit. *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582 (7th Cir. 1994). An appeal is also frivolous when taken "in the face of clear, unambiguous, dispositive holdings of this and other appellate courts." *Capps v. Eggers*, 782 F.2d 1341, 1343 (5th Cir. 1986); *see also McDougal v. Comm'r*, 818 F.2d 453, 455 (5th Cir. 1987) ( "[Appellant's claims] were advanced in the teeth of firmly established rules of law for which there is no arguably reasonable expectation of reversal or favorable modification.").

A review of the memoranda filed in this appeal and those filed in the earlier appeal reveals that while the arguments in the earlier appeal are near-identical to those advanced here, appellants' arguments during this appeal were not meritless. That a recently-obtained state-court judgment constitutes new evidence that now demonstrates that Starr had divested himself of his interest in Delta Starr before the circumstances of the appeals arose is not a meritless and unfounded argument. For example, had Starr divested himself of his interest in Delta Starr in early 2005, Starr may not have been a proper party in interest to file the bankruptcy petition or to move to convert. While

7

OCB argues that the state-court judgment can not constitute new evidence, it cites to no law to support such an argument. In addition, OCB points to no clear, unambiguous or dispositive holdings of a court that would preclude appellants' arguments, and this Court has found none. Accordingly, the Court finds that appellants' arguments did not rise to the level of frivolity that would warrant sanctions.

**IV.    Conclusion**

For the foregoing reasons, the Court RECOMMENDS that Orrill, Cordell & Beary, L.L.C.'s Motion for Damages and Costs for Frivolous Appeal [Doc. #14] be DENIED.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) & 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**